# THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **I.D. No. 2201002540** |
| | ) | |
| | ) | |
| **JOSEPH CASALETTO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Date Submitted:  August 23, 2023
Date Decided: October 31, 2023

## ORDER GRANTING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

On this 31st day of October, 2023, upon consideration of Defendant, Joseph Casaletto's ("Defendant") Motion for Post Conviction Relief (the "Motion"),[1] and the State's response, it appears to the Court that:

1. On April 6, 2023, Defendant was convicted following a jury trial of Driving Under the Influence of Alcohol, a third offense in a lifetime.

2. Following trial, Defendant filed multiple post-trial motions: a Motion for Judgment of Acquittal, a Motion for a New Trial and a Motion for Certificate of Reasonable Doubt.[2] All of which were denied by this Court.[3] Defendant

---

[1] *State v. Casaletto*, Crim. Act. ID No. 2201002540, D.I. 41.
[2] D.I. 29, 31, 32, 33.
[3] D.I. 39, 40.

additionally filed a motion to restore bond, as at the time of the guilty verdict, Defendant's bond was revoked.[4] At the time of his sentencing, Defendant was initially brought before the Court to hear the issue of bond. The Court denied the modification of bond from the bench and then questioned counsel as to the necessity of a pre-sentence investigation here, as the State was recommending and Court was inclined to sentence Defendant to the minimum mandatory time, given the specific facts surrounding this offense. Defendant, through counsel, thoroughly considered this request and agreed it was appropriate to proceed with sentencing at that time. Immediately thereafter, at the same hearing, Defendant was sentenced to two (2) year at Level V incarceration, suspended after serving the ninety (90) days minimum/mandatory, for twelve (12) months of community supervised probation.[5]

3.      Defendant now moves this Court under Superior Court Criminal Rule 61 for post-conviction relief, arguing counsel was ineffective for failing to file a timely appeal of his conviction. Defense counsel cites a number of reasons for this failure and asserts that his client, has suffered prejudice due to his failure.[6]

4.      The State, acknowledging the prejudice to Defendant and the fact that there is legal precedent supporting a granting of such a motion to allow for a direct

---

[4] D.I. 30.
[5] D.I. 40, 41.
[6] D.I. 47.

appeal to be filed, did not oppose Defendant's motion.[7] Given the State's grace and acknowledgment of the facts presented here, there is no need to evaluate the reasons presented to the Court by defense counsel as to why such an appeal was not filed.

5.  The Court separately from the State's acquiescence finds that the interests of justice are best served by affording the Defendant the opportunity to file a direct appeal.[8]

6.  Therefore, Defendant is to be re-brought before the Court for re-sentencing in this matter to allow for a direct appeal to be filed. Chambers will be in touch with counsel for such scheduling at the earliest convenience of all parties.

**IT SO ORDERED**.

_____
Danielle J. Brennan, Judge

Cc:  Isaac Rank, Esquire, Deputy Attorney General
     Joseph Hurley, Esquire

Original to Criminal Prothonotary

---

[7] D.I. 49.
[8] *Szublielski v. State*, 36 A.2d 350 (TABLE), 2012 WL 218950 (Del. Supr. 2012).